## UNITED STATES *v.* ILLFELDER & Co. (No. 1913).[1]

1. CONSTRUCTION, PARAGRAPH 157, TARIFF ACT OF 1913—"COMBINATION PEN-HOLDERS."

     Paragraph 157, tariff act of 1913, provides a rate of 25 per cent ad valorem for combination penholders, comprising penholder, pencil, rubber eraser, automatic stamp, or other attachment, treating such combination penholders as distinct entities.

2. CONSTRUCTION, PARAGRAPH 157, TARIFF ACT OF 1913—"PENS AND PENHOLDERS SHALL BE ASSESSED SEPARATELY FOR DUTY."

     The provision of paragraph 157, tariff act of 1913, that pens and penholders shall be assessed separately does not qualify the provision for combination penholders in the second clause of the paragraph, but relates to the general provision for penholders in the first clause.

3. CONSTRUCTION, LEGISLATIVE SANCTION.

     The Board of United States General Appraisers having construed the provisions of the tariff act of 1909 which correspond essentially to those of paragraph 157, tariff act of 1913, and Congress having reenacted the provision, legislative adoption of the board's construction is to be inferred.

United States Court of Customs Appeals, January 28, 1919.

APPEAL from Board of United States General Appraisers, Abstract 41992.

[Affirmed.]

*Bert Hanson*, Assistant Attorney General (*Charles D. Lawrence*, special attorney, of counsel), for the United States.
*Allan R. Brown* for appellees.

[Oral argument Oct. 29, 1918, by Mr. Hanson.]

Before MONTGOMERY, SMITH, BARBER, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

The merchandise in question in this case consists of a combination penholder fitted with a pencil at one end and a pen at the other.

The collector in assessing duty segregated the pen from the combination penholder and assessed duty on the latter under paragraph 157 and on the pen at the rate provided for in paragraph 156.

The Board of General Appraisers, both on the original hearing and on a rehearing, granted at the instance of the Government, held that the collector was in error in thus assessing duty, and sustained the protest, claiming that the combination penholder was dutiable as an entirety, and included as such entirety the pen as well as the pencil. The case is brought here for review.

The paragraphs in question read as follows:

156. Pens, metallic, not specially provided for in this section, 8 cents per gross; with nib and barrel in one piece, 12 cents per gross.

157. Penholder tips, penholders and parts thereof, gold pens, fountain pens, and stylographic pens; combination penholders, comprising penholder, pencil, rubber eraser, automatic stamp, or other attachment, 25 per centum ad valorem: *Provided*, That pens and penholders shall be assessed for duty separately.

It is possibly true that paragraph 157 is open to a construction which would sustain the contention of the Government, but the most that can be said in support of such holding would be that the conclusion reached by the board would not as an original question be free of doubt. In such case the rule is too well settled to require more than the statement that the benefit of the doubt should be given to the importer. But, more than this, the board, in Abstract 31191 (T. D. 33145; 24 Treas. Dec., 136), in the Illfelder case, wherein a similar issue was presented under the act of 1909, involving a construction of paragraphs 186 and 187 of the act of 1909, which are concededly in all essentials the same as paragraphs 156 and 157 of the act of 1913, ruled the question in precise accord with the conclusion reached in the present case. Thereafter the act of 1913 was adopted by the Congress, and the rule that the reenactment of a statute which has received judicial construction affords a presumption that such statute is to be construed as previously interpreted by the judicial tribunal would have application.

The court might well rest the decision of this case upon the two rules above suggested: First, that if the original construction were doubtful, the benefit of the doubt should be given to the importer; and, second, that the readoption of this statute by the Congress imported that it was to be construed in the future as it had been in the past.

But more than this, we think that were the question new, the board reached the correct conclusion. Combination penholders provided for in the statute are described as "comprising penholder, pencil, rubber eraser, automatic stamp, or other attachment." We think that a pen inserted in one of these combination penholders is as much an attachment as is the lead pencil which appears at the other end. It is an attachment in the same sense that the pencil is an attachment or as a rubber eraser would be. It is a part of the completed whole.

In this view we think that as the penholders and parts thereof are provided for in the same paragraph, the provision that pens and penholders shall be assessed for duty separately should be held to apply to such penholders and not to combination penholders.

The cases referred to by the Government's counsel, which were decided earlier and in which it is said that a contrary conclusion was reached, are cases in which the chief question in issue was not the one which is here involved, and in which there was no discussion of the question here involved. While the result reached in these cases was an assessment in accordance with the present contention of the Government, that ruling was not sustained by any reasoning or consideration of the precise question here discussed. The question was involved rather than decided.

But, more than this, the decision of the board in the later case, which distinctly considered this question and decided it, would, as to that tribunal, be authoritative.

The decision of the board is *affirmed*.